**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| *Plaintiff*, | |
| v. | |
| DEBRA HAALAND, in her official capacity as Secretary of the U.S. Department of the Interior, *et al.*, | Case No. 1:23-cv-03275-TSC |
| *Defendants*. | |

**ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity ("Plaintiff") and Defendants Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service ("the Service"), (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, Defendants received Plaintiff's petition ("Petition") dated April 15, 2022, requesting that the Service list the blue tree monitor lizard (*Varanus macraei*) as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq.;

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service issued a "90-day finding" in which the Service concluded that the Petition presented "substantial scientific or commercial information indicating that listing the blue tree monitor lizard may be warranted," 88 Fed. Reg. 55991, 55994 (Aug. 17, 2023);

WHEREAS, Plaintiff sent Defendants a letter dated August 22, 2023, stating their intent to file suit to compel the Service to complete a "12-month finding" with respect to Plaintiff's petition to list the blue tree monitor lizard pursuant to 16 U.S.C. § 1533(b)(3)(B);

WHEREAS, on November 2, 2023, Plaintiff filed the above-captioned action to compel the Service to complete the 12-month finding with respect to Plaintiff's Petition by a date certain;

WHEREAS, Plaintiff and Defendants (collectively, "the parties"), by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.      On or before March 27, 2025, the Service shall review the status of the blue tree monitor lizard and submit to the Office of the Federal Register a finding pursuant to 16 U.S.C. § 1533(b)(3)(B) as to the listing of the blue tree monitor lizard.

2.      Alternatively, the commitment specified in Paragraph 1 shall be deemed satisfied if, on or before March 27, 2025, the Service submits to the Office of the Federal Register a regulation "in regard to any emergency posing a significant risk to the well-being of" the blue tree monitor lizard that "shall, at the discretion of the Secretary, take effect immediately," pursuant to 16 U.S.C. § 1533(b)(7).

3.      The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of

the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4.      In the event that Defendants fail to meet the deadline specified in Paragraph 1 and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5.      No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination made pursuant to Paragraph 1. To challenge any final determination issued pursuant to Paragraph 1, Plaintiff will be required to file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

6.      Without waiving any defenses or making any admissions, Federal Defendants agree to pay Plaintiff $24,000 in attorneys' fees and costs. Plaintiff agrees to accept the $24,000 from Federal Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiff reasonably incurred in connection with the above captioned litigation through the signing of this Agreement, including in pursuit of Plaintiff's claims for such fees, costs, and expenses.

7.      Plaintiff also acknowledges that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiff's delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

8.      Payment will be made to the Center for Biological Diversity by electronic funds transfer into the trust account identified in Paragraph 9. Plaintiff and its attorneys agree to hold Defendants harmless in any litigation, further suit, or claim arising from the payment of the agreed-upon settlement amount, other than for an allegation of Defendants' breach of this Fee Agreement.

9.      No later than ten (10) days after the entry of an order approving this Fee Agreement, Plaintiff's counsel shall provide counsel for Defendants the following information necessary to process the payment set forth in Paragraph 6: the Plaintiff's name, the payee's name, the payee's address, the payee's bank name and bank address, the payee's bank account name and account number, the account type, the Automated Clearing House ("ACH") routing number or the American Banking Association ("ABA") routing number for FedWire payment, the bank routing transit number ("RTN"), and Plaintiff's tax identification number.

10.     Federal Defendants agree to submit to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiff or from approval of this Agreement by the Court, whichever is later. Plaintiff, through counsel, shall confirm receipt of the payment to Defendants within seven (7) business days of Plaintiff's counsel receiving notice of such payment.

11.     By entering into this Agreement, Federal Defendants do not waive any right to contest fees and costs claimed by Plaintiff or Plaintiff's counsel in any future litigation or continuation of the present action.

12.     The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims disputed by the parties. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of any species. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have.

13.     Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

14.     This Agreement contains all the terms of agreement between the parties concerning Plaintiff's Complaint and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

15.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

16.     The terms of this Agreement shall become effective upon entry of an order by the Court entering the Agreement.

17.     Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: August 23, 2024
_____

*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge

_____

6